

# NUMBER 13-25-00652-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE TRANCASA USA, INC., ET AL.

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Peña and West
Memorandum Opinion by Justice Peña[1]**

By petition for writ of mandamus, relators Trancasa USA, Inc.; Ifleet Solutions, LLC; TCA Logistics, LLC; Bentbridge Sheet, LLC; Infinity Capital Investments, LLC; Pharr Bridge Investments, LLC; Pharr Bridge Business Park, LLC; and International Safety Compliance, LLC assert that the trial court abused its discretion by: (1) compelling relators and their accountants to produce confidential financial information when the court

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

had no jurisdiction to do so; and (2) compelling relators' accountants to produce confidential financial information based upon an unenforceable agreement.

"Mandamus relief is an extraordinary remedy available only on a showing that (1) the trial court clearly abused its discretion and (2) the party seeking relief lacks an adequate remedy on appeal." *In re Ill. Nat'l Ins.*, 685 S.W.3d 826, 834 (Tex. 2024) (orig. proceeding); *see In re Liberty Cnty. Mut. Ins.*, 679 S.W.3d 170, 174 (Tex. 2023) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker*, 827 S.W.2d at 840. There is no adequate remedy by appeal to address a trial court's abuse of discretion in ordering discovery that exceeds what is permitted by the Texas Rules of Civil Procedure. *See In re Office of Att'y Gen.*, 702 S.W.3d 360, 364 (Tex. 2024) (orig. proceeding) (per curiam); *In re Kuraray Am., Inc.*, 656 S.W.3d 137, 142 (Tex. 2022) (orig. proceeding) (per curiam).

The Court, having examined and fully considered the petition for writ of mandamus, the response filed by the real parties in interest, Ilse Vidaurri and Integrated Worldwide Logistic Services, LLC, and the applicable law, is of the opinion that relators have not met their burden to obtain relief. Accordingly, we lift the stay previously imposed in this case, and we deny the petition for writ of mandamus.

L. ARON PEÑA JR.
Justice

Delivered and filed on the
10th day of February, 2026.